POOL & WATSON VS. STEAMBOAT RAY.

A writ of attachment may be issued against a boat by her name or description only; and is strictly a proceeding *in rem* analogous to the proceeding in admiralty for the condemnation of a vessel to the satisfaction of its debts.

An objection to a declaration in attachment must be made by demurrer, not by motion to strike the case from the docket.

*Appeal from Independence Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

BYERS, for the appellants,

That proceedings instituted against a steamboat by name, should be sustained, referred to *Thompson vs. Steamboat Julia D. Morton,* 23 *Ohio Rep.* 26; *S. B. Rover vs. Stiles,* 5 *Blackf. Rep.* 483; 7 *Ind. Rep.* 521; 10 *Mo. Rep.* 583; 6 *Ib.* 552; 14 *Ohio Rep.* 408.

ROSE for the appellee.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Pool & Watson, merchants, etc., of Jacksonport, filed an affidavit, (made by Watson before a justice of the peace,) in the office of the clerk of Independence Circuit Court, stating that the steamboat *Thomas P. Ray* was indebted to them in the sum of $359 84, for supplies, materials and money furnished the boat, at the request of the then master and owner thereof, Oaty T. Dowell, on and before the 5th day of January, 1856, to enable said boat to pursue her business of carrying goods and passengers upon the navigable waters of this State, etc., etc.

They also filed an attachment bond, payable to the State, for the use and benefit of the owners of the boat, conditioned according to the statute, etc.

Also a declaration in assumpsit, against the boat, by name; alleging the supplies, etc., to have been furnished to the boat, at the instance of the master and owner, etc.

A writ of attachment was issued against the boat by name; upon which the sheriff returned that he had attached the boat, etc., and released her upon a bond executed by Maffitt, her master, with security, etc.

At the return term, the record states that Jesse Mooney, as owner of the boat, appeared and filed a motion to strike the case from the docket on the following grounds:

" 1. It appears by the proceedings in the above matter, that a steamboat is attempted to be made a defendant in a legal proceeding.

" 2. There is no such proceeding known to the law as that attempted to be had in the above case."

The Court sustained the motion, and ordered the case to be stricken from the docket. The plaintiffs excepted and appealed.

Our statute for the attachment of boats and vessels, plainly provides for two distinct modes of proceeding: " The plaintiff may make his election either to proceed against the owner or owners, by their proper names, or by the name and style of

their partnership, if known, or against such boat or vessel by *her name and description only.*"   *Dig.*, *ch*. 18, *sec*. 4.

" In all cases where such proceedings are instituted against such boat or vessel, *by her name or description* *only*, the bond to be given by the plaintiff shall be made payable to the State of Arkansas for the use and benefit of the owners of such boat or vessel," etc.   *Ib*. *sec*. 5.

Upon the return of the attachment, the plaintiff shall file a written declaration or statement against such boat or vessel, *by her name or description*, or against the owner or owners, *as the case may be*, briefly reciting the nature of the demand, etc., etc., and whether at the request of the owner, master, super-cargo or consignee," etc., etc.   *Ib*. *sec*. 6.

Upon the execution of bond, " conditioned to pay and satisfy such judgment as the Court, etc., may render against *such boat or vessel*, or against such owner, *as the case may be*, etc., then such boat or vessel shall forthwith be discharged from such attachment," etc. etc.   *Ib*. *sec*. 9.

The proceeding against the boat by name, is strictly a proceeding *in rem*, analogous to the proceeding in admiralty for the condemnation of a vessel to the satisfaction of its debts, etc.   See *Merrick & Fenno vs. Avery, Wayne & Co.*, 14 *Ark*. 370.

Where the suit is against the owner, by name, the boat is attached, and the proceeding is partly *in personam* and partly *in rem*, etc.

In this case the plaintiffs elected to proceed against the boat by name, and the proceedings appear to have been substantially in accordance with the provisions of the statute.

The mode of declaring against the boat, where attached by name, is sufficiently indicated in *sec*. 6 of the statute.

In *Holman & Winters vs. Steamboat P. H. White*, 6 *Eng*. 237, the learned Chief Justice who delivered the opinion of the Court, produced some doubt as to the proper mode of declaring, where the proceedings are against the boat by name, but in

*Toby ad. vs. Brown et al., Ib.* 311, the doubt is measurably cleared up.   See, also, *Hartman et al. vs. Stone*, present term.

If the declaration was defective in this case, the objection should have been taken by demurrer, etc.

The judgment is reversed, and the cause remanded, with instructions to the Court below to reinstate the case upon the docket, and permit it to proceed according to law, etc.

Absent, Mr. Justice HANLY.